UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS (#413346)**  CIVIL ACTION

**VERSUS**

**DR. M. GAMBLE, ET AL.**  NO. 13-0790-JJB-RLB

<u>O R D E R</u>

This matter comes before the Court on the plaintiff's two (2) Motions for injunctive relief (Rec. Docs. 4 and 9).

The *pro se* plaintiff, an inmate previously confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Dr. Matthew Gamble, Mental Health Director Clay Williams, Warden Howard Prince, Ass't Warden Kent August, Dpty Warden Seth Smith, Ass't Warden C. Haydel, and Ass't Mental Health Director James Delainney, all of whom are allegedly employed at EHCC, complaining that the defendants violated his constitutional rights at EHCC between April and June, 2013, when Dr. Gamble subjected the plaintiff to verbal abuse, classified the plaintiff to segregated confinement, and exhibited deliberate indifference to the plaintiff's serious medical needs. In addition, the plaintiff complains that on or about June 17, 2013, personnel at EHCC transferred him to the Rayburn Correctional Center in Angie, Louisiana ("RCC"), during which transfer his legal and personal property was lost or destroyed and at which facility he has allegedly not been receiving appropriate care for his serious medical condition.[1]

---

1. The plaintiff's Complaint is somewhat unclear but is subject to interpretation as also asserting a claim against personnel employed at RCC, specifically RCC Warden Robert Tanner, Dr. Christopher Lairtigue and Dr. Casey McVea. Notwithstanding, prior to the filing of the

In the instant motions, the plaintiff complains of the alleged failure of personnel employed at RCC to provide him with adequate mental health care.  The plaintiff is not entitled to the relief requested.  In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).  "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested.  His allegations are conclusory, and he has not alleged with any degree of specificity that the defendants named in this proceeding and employed at EHCC are failing to provide him with appropriate medical care.  The United States Court of Appeal for the Fifth Circuit has clearly and repeatedly held that a transfer from one facility to another generally renders moot any claims for injunctive relief with respect to an inmate's prior facility. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  *See also Kidd v. Livingston*, 463 Fed. Appx. 311, 314 (5th Cir. 2012); *Stern v. Hinds*

---

Complaint in this case, the plaintiff filed a separate civil action in the Eastern District of Louisiana (where RCC is located), wherein he named these three individuals as defendants and wherein he complained of similar acts of alleged deliberate medical indifference at that facility. *See Travis Sentell Davis v. Robert Tanner, et al.*, Civil Action No. 13-6402-JTM-JCW (E.D. La.). *See also Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206, 211 (5th Cir. 1983) (authorizing the Court to take judicial notice of the record in related proceedings involving the same parties).  Accordingly, inasmuch as that separate proceeding is pending and ongoing, and inasmuch as the plaintiff's claims asserted against these individuals are being addressed in that first-filed proceeding, this Court declines to interpret the Complaint in this case as including these persons as defendants.

*County, Mississippi*, 436 Fed. Appx. 381, 382 (5th Cir. 201); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Davis v. Wall*, 50 F.3d 1033, *2 n. 3 (5th Cir. 1995). Accordingly, inasmuch as the plaintiff has been transferred to RCC and is no longer subjected to any alleged wrongdoing at the hands of personnel employed at EHCC, he has not made out a showing of entitlement to injunctive relief. Therefore,

**IT IS ORDERED** that the plaintiff's Motions for injunctive relief (Rec. Docs. 4 and 9) be and they are hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this _21st_ day of April, 2014.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE